In re PENN CENTRAL SECURI-
TIES LITIGATION.
George P. BAKER et al.

v.

David C. BEVAN et al.

M.D.L. No. 56; Civ. A. No. 71-853.

United States District Court,
E. D. Pennsylvania.
May 30, 1975.

Edwin P. Rome, Norman L. Holmes, Philip C. Patterson, Blank, Rome, Klaus & Comisky, Philadelphia, Pa., for plaintiffs. .

Fred C. Aldridge, Jr., Janet L. Duffy, Stradley, Ronon, Stevens & Young, Philadelphia, Pa., for defendant Penphil Co.

## MEMORANDUM

JOSEPH S. LORD, III, Chief Judge.

Plaintiffs, trustees of the bankrupt Penn Central Transportation Company ("PCTC"), allege that defendants conspired and acted in violation of the Securities Act of 1933 ('33 Act), 15 U.S.C. § 77a et seq., the Securities Exchange Act of 1934 ('34 Act), 15 U.S.C. § 78a et seq., and the Investment Advisors Act of 1940, 15 U.S.C. § 80b–1 et seq. Defendant Penphil has moved, pursuant to F. R.Civ.P. 12(b)(1), to dismiss for lack of subject matter jurisdiction, contending that plaintiffs' allegations set forth no more than corporate mismanagement, cognizable only in the state courts. We disagree.

Section 27 of the '34 Act, 15 U.S.C. § 78aa states:

"The district courts of the United States * * * shall have exclusive jurisdiction of * * * all suits in equity and actions at law brought to enforce any liability or duty created by this chapter or the rules and regulations promulgated thereunder."

In essence, Penphil's contention is that plaintiffs have failed to allege any "liability or duty created by [the '34 Act] or the rules and regulations promulgated thereunder," but rather that the sole source of the claimed liability is state law. Thus, we must determine whether plaintiffs' complaint sets forth allegations of liability under the substantive sections of the '34 Act or the pertinent rules and regulations.

Section 10(b) of the '34 Act, 15 U.S. C. § 78j(b), prohibits the use of manipulative or deceptive devices in connection with the purchase or sale of a security. Rule 10b–5 of the Securities and Exchange Commission, 17 C.F.R. § 240.-10b–5 provides:

"It shall be unlawful for any person * * *

"(1) to employ any device, scheme or artifice to defraud,

"(2) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading or

"(3) to engage in any act, practice or course of business which operates or would operate as a fraud or deceit upon any person,

"in connection with the purchase or sale of any security."

Plaintiffs' complaint clearly alleges liability under these provisions. Paragraph 15 of the complaint alleges that Penphil and the other defendants were members of a conspiracy. The complaint states that in furtherance of this conspiracy, defendants Bevan and Gerstnecker, former officers of PCTC, and defendant Hodge, a former investment advisor of PCTC, created Penphil Co., "* * * and thereafter *covertly* utilized and *manipulated* all of the resources of Penn Central over which they had control *not for the best interests of Penn Central and its shareholders,* but for their own private, personal profit * * * and that of Penphil and its shareholders * * * as follows:

*     *     *     *     *     *

"(e) they caused Penn Central * * * *to purchase and sell the*

*shares of certain corporations* described below to effectuate the purposes of the conspiracy; * * *." (Emphasis added.) (Paragraphs 6(b), 8 and 16).

In paragraphs 30, 32 and 42, specific transactions involving purchases of securities by PCTC are described. Paragraph 48 states:

"* * * Defendants employed *deceptive practices* and secrecy to avoid detection, and they *fraudulently* concealed their conspiracy and violations." (Emphasis added.)

In sum, plaintiffs have alleged a conspiracy in which Penphil was a co-conspirator, in the course of which manipulation and deception were practiced in connection with PCTC's purchase and sale of securities. These allegations portray precisely the type of conduct barred by § 10(b) and rule 10b–5. In Supt. of Insurance v. Bankers L. and C. Co., 404 U.S. 6, 12, 92 S.Ct. 165, 169, 30 L.Ed.2d 128 (1971), the Court stated:

"Section 10(b) must be read flexibly, not technically and restrictively. Since there was a 'sale' of a security and since fraud was used 'in connection with' it, there is redress under § 10(b), whatever might be available as a remedy under state law."

At this stage of the lawsuit, we simply cannot say that plaintiffs will be unable to prove a set of facts which support the above pleadings. Therefore, as to those alleged transactions which involved the purchase of a security by PCTC we have jurisdiction under § 27 of the '34 Act.[1]

We note that several of the transactions alleged by plaintiffs involved no purchase or sale of a security by PCTC. These are (1) the investment by Penphil in two Florida banks (¶¶ 35, 36); (2) the placement of four million dollars of PCTC funds in a Liechtenstein business

trust (¶ 47); and (3) the loan by Chemical Bank to Penphil (¶ 27). In Landy v. Federal Deposit Insurance Corp., 486 F.2d 139, 158 (C.A. 3, 1973), cert. den. 416 U.S. 960, 94 S.Ct. 1979, 40 L.Ed.2d 312 (1974), the court reaffirmed the principle first expressed in Birnbaum v. Newport Steel Corp., 193 F.2d 461 (C.A. 2), cert. den. 343 U.S. 956, 72 S.Ct. 1051, 96 L.Ed. 1356 (1952), that "[b]uyer or seller status is indispensable in establishing liability for damages under rule 10b–5" and section 10(b). Consequently, as to these transactions, neither § 10(b) nor Rule 10b–5 can serve as the liability-creating mechanisms to trigger jurisdiction under § 27 of the '34 Act.

However, we may exercise pendent jurisdiction over these claims. In United Mine Workers v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), the Court said, at page 725, 86 S.Ct. at page 1138:

"Pendent jurisdiction, in the sense of judicial *power,* exists whenever there is a claim 'arising under * * * the Laws of the United States * * *', and the relationship between that claim and the state claim permits the conclusion that the entire action before the court comprises but one constitutional 'case'. The federal claim must have substance sufficient to confer subject matter jurisdiction on the court. * * * The state and federal claims must derive from a common nucleus of operative fact. But if, considered without regard to their federal or state character, a plaintiff's claims are such that he would ordinarily be expected to try them all in one judicial proceeding, then, assuming substantiality of the federal issues, there is *power* in federal courts to hear the whole." (Emphasis in original.)

---

1. Penphil's contention that plaintiff has failed to allege any activity by Penphil in furtherance of the claimed conspiracy (Memorandum of Law in Support of Consolidated Motions of Defendant Penphil Co., p. 2) is amply refuted by paragraphs 27, 28 and 30 of the complaint, which set forth claimed parallel purchases of securities made by Penphil and PCTC.

Plaintiffs' complaint sets forth a number of transactions, each of which is claimed to have been a facet of a conspiracy among all defendants. We have concluded that the evidence necessary to prove the conspiracy provides a common core of operative facts, cf. Drachman v. Harvey, 453 F.2d 722, 737–738 (C.A.2, 1972) (en banc), and that this is, therefore, the type of case which should be tried in one proceeding. We realize that power to assume pendent jurisdiction is discretionary, and that the exercise of this discretion depends on such factors as "* * * judicial economy, convenience and fairness to litigants * * *", as well as the potential for friction between state and federal courts. United Mine Workers v. Gibbs, *supra*, 383 U.S. at 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218. We have considered these factors and are convinced that the exercise of pendent jurisdiction is entirely proper in this case.[2]

2. Since we have decided that jurisdiction exists by virtue of § 27 of the '34 Act and the doctrine of pendent jurisdiction, we need not discuss the alternative jurisdictional grounds proffered by plaintiffs under the '33 Act and the Investment Advisors Act of 1940.